**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| STATE OF WASHINGTON, | No. 52695-6-II |
| Respondent, | UNPUBLISHED OPINION |
| v. | |
| DUSTIN OLSON, | |
| Appellant. | |

GLASGOW, J. — Dustin Olson was convicted of two counts of second degree theft, two counts of unlawful issuance of a bank check, and two counts of bail jumping. At the sentencing hearing, the trial court imposed a judgment and sentence that included a criminal filing fee. Olsen appeals the imposition of the fee, arguing that the trial court erred in imposing the fee on an indigent defendant. The State concedes that the criminal filing fee should not have been imposed. We accept the State's concession, and remand for the trial court to strike the criminal filing fee from the judgment and sentence.

FACTS

A jury found Olson guilty of two counts of second degree theft, two counts of unlawful issuance of a bank check, and two counts of bail jumping. At the July 23, 2018 sentencing hearing, the trial court waived the standard range sentence because Olson was a first time offender and imposed a sentence below the standard range. The trial court also imposed a $200 criminal filing fee.[1] The trial court did not check the box on the judgment and sentence finding that Olson was indigent.

During the sentencing hearing, the trial court did not inquire into the state of Olson's finances, but did say: "I'm impos[ing] the standard, non-discretionary fees. I'll impose zero discretionary fees and I'll sign that upon presentment." Verbatim Reports of Proceedings (VRP) (Vol. I) at 42.

The trial court later signed an order finding Olson indigent for the purposes of appeal. The order was based upon an affidavit of counsel stating that he was Olson's attorney of record, was appointed after the trial court determined that Olson was indigent, and "[t]o the best of my knowledge the defendant's financial situation remains the same or worse tha[n] it was when the court originally found that the defendant was indigent."[2] Clerk's Papers (CP) at 86.

ANALYSIS

Olson challenges the imposition of the criminal filing fee because trial courts are prohibited from imposing a criminal filing fee at the time of sentencing if the defendant is indigent. The State

---

[1] The trial court later modified Olson's judgment and sentence from 12 months of community custody to 6 months of community custody. The rest of the judgment and sentence remained unchanged.

[2] The record for this appeal contains no record of the original determination of indigency Olson's then-counsel referred to.

concedes that the criminal filing fee should not have been imposed. We accept the State's concession and remand for the trial court to strike the criminal filing fee from the judgment and sentence.

In 2018, the legislature amended RCW 36.18.020(h) to prohibit the imposition of a criminal filing fee on defendants who are indigent at the time of sentencing. LAWS OF 2018, ch. 269, § 17. The amendment took effect in June 2018, prior to Olson's July 23, 2018 sentencing hearing.[3]

Here, while the trial court did not make an inquiry into Olson's financial state during the sentencing hearing, it did determine that it would not impose any discretionary fees, which indicates an awareness of financial hardship. Also, approximately one month later, the trial court found Olson to be indigent for the purposes of appeal, based upon an affirmation that his financial situation had not improved since a prior determination of indigency. Therefore, we accept the State's concession that the criminal filing fee should be stricken from Olsen's judgment and sentence. The appropriate remedy is to remand for the trial court to strike the improperly imposed criminal filing fee. *State v. Ramirez*, 191 Wn.2d 732, 750, 426 P.3d 714 (2018); *State v. Catling*, 193 Wn.2d 252, 258, 438 P.3d 1174 (2019).

## CONCLUSION

We remand for the trial court to strike the criminal filing fee from Olson's judgment and sentence.

---

[3] The Washington legislature adjourned on March 8, 2018. Unless a bill states otherwise, all bills passed by the legislature take effect 90 days after adjournment of the legislative session. WASH. CONST. art. II, § 41.

No. 52695-6-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Glasgow, J.

We concur:

Maxa, C.J.

Worswick, J.

4